UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUSTIN GORDON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01743-WTL-DML |
| ) | |
| D. ZATECKY, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Justin Gordon for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 15-07-0111. For the reasons explained in this Entry, Johnson's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B.  The Disciplinary Proceeding

On July 29, 2015, Internal Affairs Officer J. Poer issued a Report of Conduct charging Gordon with assault and battery in violation of Code A-102. The Report of Conduct simply states, "Refer to Report Investigation dated 7/29/15 and Confidential Case File 15-CIC-0020." The Report of Investigation of Incident states:

> On July 17, 2015 members of the Security Threat Groups Maniac Latin Disciples and Imperial Gangsters assaulted offender James White 248220 in E Unit cell 28-2E at 1:48 PM. Offender James White is a confirmed member of the Security Threat Group Dirty White Boys. An investigation was conducted, see Confidential Case File 15-CIC-0020. The results of the investigation substantiate that multiple offenders entered cell 28-2E and assaulted offender James White. Offender White's injuries required him to be sent by ambulance to the emergency room for treatment. Video of the incident and information obtained through the investigation substantiates that offender Justin Gordon 169177 participated in the assault on James White.

Gordon was notified of the charge on July 31, 2015, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Gordon did not want to call any witnesses and that the Hearing Officer would watch the video and read the internal affairs case file. A summary of the video was prepared that states, "I Ofc Sidwell review[ed] the video for Case[.] Due to the rotation of the camera all I saw was at 1:47 pm I saw numerous offenders headed toward room 28-2E with their backs to the camera. At 1:48 pm I saw numerous offenders exit 28-2E and walk away from the camera and it rotated and I lost them."

The Hearing Officer conducted a disciplinary hearing on August 6, 2015. Gordon had previously submitted a statement that "[a]ny evidence in this case that is used against me for any reason is insufficient because no said evidence prove[s] that I'm guilty of any offense relevant to this Case. Accordingly, I am not guilty and this case should be dismissed." Relying on the internal affairs case file, the Hearing Officer determined that Gordon had violated Code A-102. The sanctions imposed included a written reprimand, 45 days of telephone restriction, 365 days of

disciplinary segregation, the deprivation of 365 days of earned credit time, and the demotion from credit class I to class II. The Hearing Officer imposed the sanctions because of the frequency or nature of the offense and the likelihood of the sanction having a corrective effect on the offender's future behavior.

Gordon's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C. Analysis**

Gordon challenges the disciplinary conviction arguing that the charges were reviewed by only one hearing officer instead of a panel, that the Internal Affairs investigation report is insufficient evidence, and that procedures were violated because no conduct report was filed.

1. Hearing Officer and Conduct Report Claims

The respondent argues that Gordon has procedurally defaulted any claim except the claim that the evidence is insufficient to sustain his conviction – specifically the claims that he should have had a panel of officers, not a single hearing officer and that he did not receive a conduct report. To obtain review of a claim for habeas relief, a prisoner must first exhaust his state administrative remedies. *Markham v. Clark*, 978 F.2d 993, 995–96 (1992); *see* 28 U.S.C. § 2254(b)(1)(A), (c). Exhaustion requires that the prisoner present each claim he seeks to raise in his habeas petition at each level of the administrative appeals process. *Markham*, 978 F.2d at 995-96; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The prisoner must provide sufficient information to put a reasonable prison official on notice as to the nature of his claim, so that the prison officials are afforded an opportunity to correct any problems. *See Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). Failure to exhaust a claim results in a procedural default that bars federal habeas relief. *Id.* at 981-82.

In his disciplinary appeal, Gordon challenged only the sufficiency of the evidence. He argued:

> The offender was found guilty by "DHB" despite the following facts: 1. Mr. Gordon submitted a written affirmation to the DHB swearing under penalties for perjury that his "offender comments are true. 2. According to the "Video Evidence Review" . . . report, the reviewing officer could not identify Mr. Gordon as being the perpetrator in this case. However, the DHB relied on his insufficient evidence to support its decision of guilty. Accordingly, the conduct report in this case is also insufficient evidence which the DHB also relied on to support its decision of guilty. 3. The victim in this case has reported to the appropriate authorities in this case that Mr. Gordon was not the perpetrator in this case. Additionally: The sanctions imposed against Mr. Gordon in this case are excessive and unnecessary. For all of the foregoing reasons Mr. Gordon was denied due process. So therefore the DHB decision of guilty should be reversed.

There is no indication in this statement that Gordon is challenging any aspect of his disciplinary conviction other than the sufficiency of the evidence. Because Gordon did not challenge the use of a single hearing officer or the conduct report in his appeals, he has therefore procedurally defaulted these challenges. Because he has not shown or even argued that cause and prejudice exist to overcome the default, he is barred from arguing these claims in this Court.[1]

### 2. Sufficiency of the Evidence

Gordon has sufficiently challenged the sufficiency of the evidence against him. In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that

---

[1] Gordon argues for the first time in his reply in support of his habeas petition that his hearing officer was not impartial, that the respondent withheld evidence from him (but he does not say what evidence was withheld), that he did not receive adequate assistance from his lay advocate, and that he was denied witnesses, evidence and the right to speak on his behalf. Again, Gordon did not raise those claims in his disciplinary appeals, he is barred from raising them now.

evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786. Here, according to the Conduct Report, Gordon was identified by video as one of the people who entered the victim's cell at the time of the attack. In addition, after investigation and interviews, Gordon was confirmed to be a Maniac Latin Disciple and was suspected to be the one who orchestrated the attack. This is sufficient to satisfy the "some evidence" requirement of due process.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Gordon to the relief he seeks. Accordingly, Gordon's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: __6/7/16_____

_William T Lawrence_ (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JUSTIN GORDON
169177
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All electronically registered counsel